UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SUSAN PAOLA LEO HUAYAN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-03696-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On May 13, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting her immediate release. (Doc. No. 2.)  On May 13, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address in the opposition whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 4.)

On May 14, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.)  In that opposition, respondents state that petitioner was previously admitted to the United States on a visa in 2021 and she is therefore subject to detention pursuant to 8 U.S.C. § 1226(a). (*Id.* at 2.)  Respondents argue that § 1226(a) requires that

1

petitioner request a bond hearing and that she has failed to exhaust that administrative remedy in that regard.  (*Id.* at 4.)  The court rejects this argument for the same reasons it was rejected in *Hernandez Burruel v. Murray*, No. 1:25-cv-01569-DAD-AC, 2025 WL 3240356, at *3 (E.D. Cal. Nov. 20, 2025) ("[T]he court observes that respondents' argument regarding whether petitioner has requested a bond hearing through administrative channels would appear to be at least arguably disingenuous where petitioner's filing of this action and motion for a temporary restraining order has obviously put respondents on notice of petitioner's request [.]").

Based upon a review of the briefing and the documents attached thereto, the facts are as follows.  On December 10, 2021, petitioner entered the United States on a B-2 visitor visa.  (Doc. No. 1 at ¶ 18.)  On June 9, 2022, that visa expired.  (*Id.*)  On November 9, 2025, petitioner encountered immigration authorities while in custody at the Utah County Jail and was re-detained.  (*Id.* at ¶ 20; *see also* Doc. No. 6-1 at 2.)

There is no dispute in this matter that petitioner is currently subject to discretionary detention pursuant to 8 U.S.C. § 1226(a).  (Doc. No. 6 at 3.)  Rather, the only dispute is whether the appropriate remedy is a bond hearing pursuant to § 1226(a) or immediate release.  Ordinarily, this court has ordered a bond hearing in similar circumstances where the parties agree that § 1226(a) applies, petitioner was not previously released, and where petitioner has not yet been provided with a bond hearing.  *Hernandez Burruel*, 2025 WL 3240356, at *3–4.  However, petitioner has now been detained for six months without a bond hearing.[1]  In other words, "[d]espite ample opportunity to do so, the Government has not provided Petitioner with the statutorily required bond hearing during that time.  Such a lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights."  *Feng v. Lyons*, No.

---

[1]  As noted above, respondents contend that petitioner could have requested a bond hearing pursuant to 8 U.S.C. § 1226(a) at any time prior to the filing of this habeas petition.  (Doc. No. 6 at 4.)  The court expresses some skepticism that petitioner or her counsel were made aware that respondents' position was that petitioner was detained pursuant to § 1226(a) prior to the filing of this habeas petition in light of petitioner's allegation that respondents have insisted "that Petitioner may be held under the mandatory detention statute under 8 U.S.C. § 1225(b)(2)." (Doc. No. 1 at ¶ 3.)  Nonetheless, the court does not rely on any finding in this regard in issuing this order.

2

1:26-cv-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (citing *Gerstein v. Pugh*, 420 U.S. 103 125–26 (1975); *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972)). "Respondents are in control of Petitioner's custody and it is the government's duty to provide sufficient process when depriving an individual of their liberty." *Xianming H. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-02543-TLN-CKD, 2026 WL 1283415, at *5 (E.D. Cal. May 11, 2026) (finding a due process violation where the petitioner who was admitted to the United States on a visa was detained for four months without a bond hearing).

The court therefore finds that ordering a bond hearing would be an inappropriate remedy because such a remedy would fail to cure the due process violation of being "deprived of an opportunity to be heard at a meaningful time and in a meaningful matter." *Id.*  Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a.    Respondents are ORDERED to immediately release petitioner Susan Paola Leo Huayan, A-File No. 220-257-828, from respondents' custody on the conditions, if any, she was subject to prior to her detention on November 9, 2025;

b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden of proof will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting her petition for habeas relief on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

3

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **May 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4